UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Albert Russo
Standing Chapter 13 Trustee
3 AAA Drive – Suite 203
Robbinsville, NJ  08691
609-587-6888

In Re:

Jeremy King

Case No.: 18-14786

Chapter: 13

Hearing Date: 09/22/2021

Judge: Michael B. Kaplan, Chief Judge

## CERTIFICATION OF THE CHAPTER 13 TRUSTEE
## IN SUPPORT OF THE CERTIFICATION OF DEFAULT
## FILED ON BEHALF OF PENNYMAC LOAN SERVICES, LLC

I, David A. Martin, Esquire, am a staff attorney in the office of the Standing Chapter 13 Trustee, Albert Russo.  As such, I am familiar with the above matter and have reviewed the Certification of Default filed on behalf of creditor, PenntMac Loan Services, LLC, and certify as follows:

1.  Debtor(s), Jeremy King, filed a voluntary Chapter 13 bankruptcy petition on March 12, 2018 in the District of New Jersey.

2.  The case was confirmed by Order, dated December 19, 2018, and provided terms of $4,600 paid to date, then $750 x 51 starting 1/1/2019, 100% Plan.

3.  The relevant terms of the Confirmed Plan provided for the payment of $22,659.54 in pre-petition mortgage arrears to PennyMac Loan Services with the Trustee acting as the disbursing agent.

4.  The Confirmed Plan also provided that the debtor would be responsible for making post-petition mortgage payments directly to PennyMac Loan Services.

5.  On April 23, 2019, a Motion for Relief was filed on behalf of PennyMac Loan Services.

6. A Certification was filed in support of the Motion for Relief asserting the debtor was three (3) monthly post-petition mortgage payments past due and disclosing the suspense account balance that is comprised of partial post-petition mortgage payments.

7. Per the Motion for Relief, the debtor had accumulated $7,602.32 in post-petition mortgage arrears.

8. The Motion for Relief was subsequently resolved by a consent Order, dated July 9, 2019.

9. The consent Order included an updated status of the post-petition mortgage arrears, provided for the cure of said arrears by the debtor directly to PennyMac Loan Services, and contained a default clause in the event the debtor failed to make any of the payments agreed upon.

10. On August 6, 2021, a Certification of Default was filed on behalf of PennyMac Loan Services and is currently pending before this Court on September 22, 2021.

11. The Certification of Default indicated that the debtor failed to comply with the consent Order by failing to continue to make regular monthly mortgage payments as dictated in said consent Order.

12. A Certification was filed in support of the Certification of Default asserting the debtor was eleven (11) monthly post-petition mortgage payments past due and disclosing the current suspense account balance.

13. Per the Certification of Default, the debtor has accumulated $30,619.77 in post-petition mortgage arrears.

14. The debtor filed a Response in the form of a general opposition as to the allegations in the Certification of Default. Specifically, the debtor asserts that he intends to file a Modified Plan, extend the term of his plan pursuant to the CARES Act, and pay the post-petition mortgage arrears through the plan.

15. The Trustee argues that post-petition mortgage payments made by the debtor directly to a mortgagee pursuant to Section 1322(b)(5) constitute payments under the plan. *See* In re Heinzle, 511 B.R. 69 (Bankr. W.D.Tex. 2014); *see also*, In re Perez, 339 B.R. 385 (Bankr. S.D.Tex 2006), *aff'd*, 373 B.R. 468 (S.D.Tex 2007); In re Padilla, 365 B.R. 492, 502 (Bankr. E.D.Pa. 2007) ("Because a debtor's obligation to perform his post-petition contractual obligations is a statutory requirement for effecting a cure of a prepetition delinquency under § 1322(b)(5), it is a misstatement to refer to a debtor's post-petition contractual payments as being 'outside the

plan' … [Rather,] [i]t follows that a debtor's contractual post-petition payments are made pursuant to the plan, not outside the plan.")

16. Consequently, the debtor is in default under the plan.

17. Furthermore, as of the date of the within Certification, the debtor is behind by approximately one (1) payment to the Trustee in further default under the plan.

18. According to the records maintained by the Trustee, there have been approximately nine (9) months since the commencement of the bankruptcy case wherein the debtor was at least a partial payment behind with his payment obligation to the Trustee per the confirmed plan.

19. Based upon the history of default by the debtor in making two separate monthly payments to the Trustee and mortgagee, as laid out above, the debtor's plan is no longer feasible as constituted.

20. For the foregoing reasons, the Chapter 13 Trustee requests the Court to enter an Order consolidating the debtor's payments, and directing that all future post-petition mortgage payments due during the pendency of the Chapter 13 Bankruptcy proceeding be made through the Chapter 13 Trustee using ePay, eWage or other electronic payment platform available to bankruptcy debtors. In the alternative, the Trustee requests dismissal of the Bankruptcy due to lack of feasibility.

I hereby certify that the information contained in this Certification is true and correct to the best of my knowledge, information and belief. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: 08/27/2021

              /s/ David A. Martin
              Albert Russo, Standing Chapter 13 Trustee
              By: David A. Martin, Esquire